# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7231 | **DATE** | 4/26/2011 |
| **CASE TITLE** | Jason S. Feldman vs. Empire Today, L.L.C. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss, or in the alternative, to stay and compel arbitration [9] is granted. This case will be stayed to allow the parties to pursue arbitration. The parties should file a short, joint status report with this Court if there have been any significant developments or, in any event, no later than 9 months from the date of this order.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

   Plaintiff Jason S. Feldman was hired by defendant Empire Today, LLC in April, 2005, as a senior corporate recruiter. (Cmplt. ¶ 6.) In October 2007 he was diagnosed with Crohn's Disease, which he alleges is a recognized disability under the Americans with Disabilities Act ("ADA"). (*Id.* ¶¶ 3, 7.) Plaintiff further alleges that the defendant, after being told about plaintiff's condition, "engaged in a series of harassing and discriminatory actions" against him and eventually fired him on February 9, 2009, even though plaintiff allegedly had done "outstanding" work on his job. (*Id.* ¶¶ 11, 13.) Plaintiff is asserting a claim under the ADA and the Illinois Human Rights Act. (*Id.* ¶ 16.)
   Defendant has filed a motion to compel arbitration. Defendant attaches a Confidentiality and Non-Disclosure agreement plaintiff signed when he was hired, which contains an arbitration clause stating that "any claim, controversy or dispute arising out of or in any way relating to this Agreement, the Employee's employment relationship with Company, any performance hereunder or termination hereof, including, but not limited to the validity of this Agreement or the validity or enforceability of this arbitration provision" may be arbitrated at the option of either party. (Agr. § 4.2.) Concurrently with the filing of this motion to compel arbitration, defendant sent a letter to plaintiff informing him that the company was thereby making a demand for arbitration.
   In his 4-page response brief, plaintiff does not take issue with the fact that there was an arbitration agreement, nor with the proposition that his employment discrimination claims fall squarely with the scope of the arbitration provision quoted above. Instead, plaintiff points to a separate provision in the agreement which states that the demand for arbitration must be made within a "reasonable time" after the dispute has arisen, but that "in no event shall any such demand be made after the date when institution of legal or equitable proceedings based on such dispute, claim or controversy in question would be barred by the applicable statute of limitations." Relying on the latter provision, plaintiff argues that although he filed his claims in a timely manner on November 9, 2010, the limitations period governing them ended shortly thereafter, on November 19, 2010, and that defendant's demand was not made until January 10, 2010. In

| STATEMENT |
|---|

fact, plaintiff complains that defendant has not really made a demand yet because no arbitration proceeding has been started even today. In sum, plaintiff argues that defendant has "waived its right" to arbitration. (Pl. Resp. at p.3.) To support this argument, plaintiff relies on two 1989 Seventh Circuit cases dealing with multi-employer pension plans. *Robbins v. Chipman Trucking, Inc.* 866 F.2d 899 (7th Cir. 1989); *Trustees of the Chicago Truck Drivers v. Central Transport, Inc.*, 888 F.2d 1161 (7th Cir. 1989).

In its reply, defendant argues that the context of the agreement makes clear that the time limit clause was not meant to apply here, where the defendant is the party seeking to arbitrate, because if so a plaintiff could easily nullify the defendant's arbitration right simply by waiting until the last minute to assert his claim. But putting aside the merits of whether its position is ultimately right, the defendant argues that the arbitrator should decide this question. The defendant relies on the Supreme Court's decision in *Howsam v. Dean Witter Reynolds, Inc.* 537 U.S. 79, 84-85 (2002) which held that procedural gateway questions, including questions about a "time limit" rule and about a possible waiver of an arbitration right, presumptively should be decided by the arbitrator and not the court. *Id.* at 84-85. The time limit rule at issue in *Howsam* was a NASD rule stating that no disputes were eligible for arbitration if submitted more than six years after the dispute arose. *Id.* at 81.

We agree with defendant's argument. Although plaintiff did not discuss *Howsam* in his brief, the case is squarely on point, and its rule is clear. Disputes over time limits should presumptively be decided by an arbitrator. The Seventh Circuit has followed this rule in similar factual circumstances. For example, most recently, in *Lumbermens Mutual Casualty Co. v. Broadspire Management Servs.*, 623 F.3d 476 (7th Cir. 2010), the Seventh Circuit applied the *Howsam* rule to find that a dispute over whether one party had filed a valid "Disagreement Notice," which was a precondition to arbitration under the parties' agreement, was an issue for the arbitrator to decide. *Id.* at 480 ("Under *Howsam*, questions such as whether prerequisites to arbitration have been met, or questions of waiver, delay or other defenses to arbitrability, should be determined by the arbitrator.") Here, the facts are similar to *Howsam* and *Lumbermens*, and we can find nothing to overcome the presumption in favor of letting the arbitrator decide this gateway issue. In fact, the arbitration provision explicitly states that the parties agreed that any disputes over the "validity of" the arbitration provision should be decided by the arbitrator. Moreover, under the rules of AAA, which are quoted by plaintiff in his own brief (at p. 2), any dispute "over timeliness" *shall be* referred to the arbitrator. Finally, the cases cited by plaintiff do not change this result because they were decided before *Howsam*. For the above reasons, we find that the arbitrator should decide plaintiff's waiver argument. For this reason, we offer no opinions on the possible merit of either side's position, leaving the arbitrator a clean slate to decide this issue.